UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

MICHAEL GRUBBS,

    Plaintiff,

v.

TERRY TAYLOR FORD COMPANY and
TT'S GARY YOMAN'S FORD PRE-OWNED
SUPER CENTER, a Florida Profit Corporation,

    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, MICHAEL GRUBBS ("Mr. Grubbs" or "Plaintiff") files this Complaint against Defendant, TERRY TAYLOR FORD COMPANY, a Florida Profit Corporation ("TT" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), Chapter 760 of the Florida Civil Rights Act ("FCRA"), and for violation of Florida's workers' compensation retaliation statute ("WCRS") at Section 440.205, Florida Statutes, to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE, AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA claim supplemental jurisdiction over Plaintiff's FCRA and WCRS claims, as they arise out of the same operative facts and circumstances.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Volusia, County, Florida, and this venue is therefore proper.

5. Defendant is a Florida Profit Corporation that is located and does business in Volusia County, Florida, and is therefore within the jurisdiction of the Court.

6. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

8. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is a covered employer as defined by the WCRS.

## CONDITIONS PRECEDENT

9. On or around November 15, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On or around June 23, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Mr. Grubbs worked for Terry Taylor Ford Company ("TT") as a General Sales Manager at TT's Gary Yeoman's Ford Pre-Owned Super Center in Daytona Beach, Florida.

15. On February 17, 2021, Mr. Grubbs unfortunately fell from a newly poured curb at TT's facility. As a result, Mr. Grubbs suffered injuries to his right knee and lower back to his fall.

16. Mr. Grubb's suffered a workplace injury in early 2021 that resulted in a disability and chronic/serious health condition, weakness, and altered reflexes.

17. In March of 2021, Mr. Grubbs began suffering from another disability, specifically, COVID-19. As a result of COVID, Mr. Grubbs had to be hospitalized in the critical care unit at Advent Health Hospital in Daytona Beach, Florida.

18. Mr. Grubbs requested a reasonable accommodation, specifically, for the entity Defendant to provide supplementary oxygen to treat and address his disability properly. This request was denied.

19. Mr. Grubbs continued to object to his supervisor, Paul, that Mr. Grubbs needed reasonable accommodations to complete his job duties and functions. Plaintiff's objections are considered "protected activity" under the ADA/FCRA/WRS.

20. The Plaintiff, Mr. Grubbs, was available to work subject to reasonable, non-burdensome oxygen restrictions. However, TT discriminated against the Plaintiff based solely upon his disability or TT's perception of Plaintiff's disability and request for accommodation.

21. Plaintiff was terminated on or about March 27, 2021, by Jeromie Allen, entity Defendant's Manager. Plaintiff met with Mr. Allen on March 27, 2021, and advised he needed supplemental oxygen due to him having a sever case of Covid-19. Immediately thereafter, Plaintiff was terminated (effective immediately).

22. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

23. In reality, Defendant's termination of Mr. Grubbs, stemmed from Defendant's discriminatory animus toward Plaintiff's discrimination

24. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA/FCRA and WCRS, were intended to prevent.

25. Any reason provided by Defendant for its actions is a pretext.

26. The facts and temporal proximity surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA/FCRA and retaliation.

27. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

28. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

29. Mr. Grubbs is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his as job duties and responsibilities.

30. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

31. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position,

acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

33. Defendant, however, being aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

33. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Grubbs based solely upon his disability.

34. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

35. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

36. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

37. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

38. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

39. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

40. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

41. Defendant did not have a good faith basis for its actions.

42. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

43. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent his in the above referenced litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7 and paragraphs 9 through 43, above.

45. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

46. The discrimination to which Plaintiff was subjected was based on his disabilities and/or "perceived disabilities."

47. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

49. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

50. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 43, above.

52. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

53. The discrimination to which Plaintiff was subjected was based on his disabilities/handicaps, or "perceived disabilities."

54. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

56. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

57. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 43, above.

59. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

60. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62. Plaintiff's protected activity, and his termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 43, above.

69. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V- VIOLATION OF WCRS

78. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5; 8 through 13, above.

79. On or around March 27, 2021, Defendant terminated Plaintiff from his employment in violation of the WCRS.

80. Plaintiff was retaliated and terminated in violation of the WCRS for pursuing his legal rights to workers' compensation benefits.

81. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, declaratory and injunctive relief and such other relief deemed proper by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 20th day of September, 2022.

Respectfully Submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com